**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:19-cv-24018-KMM

JESICA CROCI,

    Plaintiff,

vs.

ZIPZAP LLC, a Florida Limited
Liability Company, and TALI
BENAYON, an individual,
jointly and severally,

    Defendants.
_____/

### FLSA/WAGE SETTLEMENT AGREEMENT AND RELEASE

    This FLSA/WAGE SETTLEMENT AGREEMENT AND RELEASE ("FLSA Settlement Agreement") is made by and between ZIPZAP LLC and TALI BENAYON, (hereinafter collectively "ZIPZAP"), and JESICA CROCI ("CROCI").

    WHEREAS, CROCI instituted the above-referenced action against ZIPZAP in the United States District Court for the Southern District of Florida, Miami Division, alleging a claim for unpaid overtime under the FLSA; and

    WHEREAS, CROCI was employed by ZIPZAP; and

    WHEREAS, ZIPZAP denies liability herein and any wrongdoing with respect to CROCI; and

    WHEREAS, after the parties' attorneys exchanged information informally and through initial disclosures in the above-captioned action, the parties reached a resolution of their respective claims and defenses;

    NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

    STIPULATED AND AGREED by and between the undersigned parties that the above-entitled matter is hereby resolved contingent upon: (1) final payment pursuant to the terms of the settlement and (2) final approval by the Court, as follows:

1. **RECITALS**. The foregoing recitals are true and correct and are incorporated herein by this reference.

2. **RELEASE OF CLAIMS**.

    a. This FLSA Settlement Agreement shall constitute a settlement and release of those claims CROCI might have, based on facts having occurred up to and including the date of the execution of this Agreement, under the overtime/minimum wage provisions of the Fair Labor Standards Act (FLSA) and/or applicable Florida law for unpaid wages and/or overtime, liquidated damages and/or attorneys' fees against ZIPZAP, together with its parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers and their directors, officers, shareholders, members, employees, agents, insurers and attorneys, both in their official work capacity as such, and in their individual capacity (collectively, "Releasees").

    b. CROCI shall withdraw, in writing and with prejudice, any and all actions, claims or proceedings that she has filed against ZIPZAP and/or its representatives and/or related entities seeking unpaid wages and/or overtime compensation, liquidated damages and/or attorneys' fees under the overtime/minimum wage provisions of the FLSA and/or applicable Florida law. The Parties agree that, based upon the documents, information, and discovery exchanged by the parties, Plaintiff's FLSA claims have been resolved in full, without compromise, including any claims for attorneys' fees and costs.

    c. CROCI hereby knowingly and voluntarily releases and forever discharges Releasees from any and all claims for unpaid wages and/or overtime compensation, liquidated damages and/or attorneys' fees and costs under the Fair Labor Standards Act of 1938, as amended, and/or applicable Florida law.

3. **CONSIDERATION**.

    a. This settlement is contingent on the following payments being made in accordance with this FLSA Settlement Agreement: ZIPZAP shall ***deliver to*** ROBERT S. NORELL, P.A., 300 N.W. 70th Avenue, Suite 305, Plantation, FL 33317, settlement funds in the amount of **$5,064.00**, on or before **Wednesday, November 27, 2019**, allocated as follows:

    - **$960.00** for JESICA CROCI's alleged unpaid wages;

    - **$406.08** for JESICA CROCI's alleged minimum wage liquidated damages; and,

    - **$3,697.92** for JESICA CROCI's alleged reasonable attorney's fees and costs.

    Upon receipt of the consideration identified in paragraph 3.a., CROCI shall file a Joint Motion to Approve FLSA Action and Dismiss Case with Prejudice.

CROCI's counsel shall hold the settlement proceeds in trust until the Court approves this FLSA Settlement Agreement and Dismisses the case with prejudice.

CROCI understands and acknowledges: 1) that the above payments are valid and sufficient consideration for the execution of this FLSA Settlement Agreement, including the Release contained herein, and his fulfillment of the promises contained herein; and 2) that said payments are in full settlement of the above-captioned FLSA claim, including wages, overtime compensation, liquidated damages, attorney's fees and costs.

b.  ZIPZAP makes no representations as to the taxability of the amounts paid to CROCI. CROCI agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement.

c.  The parties have fully considered Medicare's interests, pursuant to the Medicare Secondary Payer rules, and in doing so, CROCI has declared that his claim does not involve any illness, injury, incident, or accident in which medical expenses were incurred.

d.  Should ZIPZAP fail to make said payments, then CROCI shall be entitled to a stipulated judgment in the amount of $5,064.00; or, CROCI has the option of voiding this FLSA Settlement Agreement and moving forward with the lawsuit. In either case, if ZIPZAP fails to make said payments, CROCI's counsel shall provide ZIPZAP's counsel E-Mail notice of default, which ZIPZAP shall have three (3) days to cure. If said default is not cured, CROCI may apply to the Court for a stipulated judgment or may void this FLSA Agreement in its entirety.

4.  **AFFIRMATIONS.**

a.  CROCI affirms not having filed, caused to be filed, or presently is a party to any claim, complaint, or action against any of the Releasees seeking unpaid wages, overtime compensation, liquidated damages and/or attorneys' fees under the Fair Labor Standards Act or applicable Florida law in any forum or form, except this lawsuit, CASE NO.: 1:19-cv-24018.

b.  CROCI further affirms that she has reported all hours worked as of the date of this FLSA Settlement Agreement and that she has been paid all compensation, wages, bonuses, commissions, and benefits to which she may be entitled and that no other overtime compensation, wages, bonuses, commissions and/or benefits are due to CROCI, except as provided in this FLSA Settlement Agreement.

c.  Both parties acknowledge that this FLSA Settlement Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, CROCI agrees that if such an administrative claim is made

for violations of the FLSA or applicable state law, CROCI shall not seek or be entitled to recover any individual monetary relief or other individual remedies.

5. **NO ADMISSION**. Neither this FLSA Settlement Agreement nor the furnishing of the consideration for this FLSA Settlement Agreement shall be deemed or construed at any time for any purpose as an admission by ZIPZAP of any liability, unlawful conduct of any kind or violation by ZIPZAP of the laws identified in this FLSA Settlement Agreement.

6. **NON-DISPARAGEMENT/NEUTRAL EMPLOYMENT REFERENCE**. CROCI agrees that she will not, at any time, make, directly or indirectly, any oral or written public statements that are disparaging of ZIPZAP. ZIPZAP (limited to its officers and directors) agrees that it will not, at any time, make, directly or indirectly, any oral or written public statements that are disparaging of CROCI. CROCI agrees that any inquiries by prospective employers regarding his employment with ZIPZAP shall be directed to ZIPZAP's Human Resources Department and that in response to such inquiries, ZIPZAP will state only CROCI's position(s) held and dates of employment.

7. **OPPORTUNITY TO REVIEW**. CROCI acknowledges that she has been advised in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this FLSA Settlement Agreement. In fact, CROCI acknowledges that she has consulted with her counsel-of-record, Robert S. Norell, Esq., prior to executing this Agreement. CROCI acknowledges that she enters into this FLSA Settlement Agreement voluntarily.

8. **SEVERABILITY**. Except as set forth below, should any provision of this FLSA Settlement Agreement be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this FLSA Settlement Agreement in full force and effect.

9. **VENUE AND GOVERNING LAW**. This FLSA Settlement Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions. In the event of any action arising hereunder, venue shall be proper in the United States District Court in and for the Southern District of Florida. In the event that CROCI or ZIPZAP commence an action for damages, injunctive relief, or to enforce the provisions of this FLSA Settlement Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorneys' fees and all costs, including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

10. **AMENDMENTS**. This FLSA Settlement Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this FLSA Settlement Agreement.

THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE FLSA SETTLEMENT AGREEMENT. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT, AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS FLSA SETTLEMENT AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS FLSA SETTLEMENT AGREEMENT ARE CONTAINED IN THIS FLSA SETTLEMENT AGREEMENT.

HAVING ELECTED TO EXECUTE THIS FLSA SETTLEMENT AGREEMENT, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH "3" ABOVE, JESICA CROCI FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTERS INTO THIS FLSA SETTLEMENT AGREEMENT INTENDING TO SETTLE AND RELEASE RELEASEES FROM ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST RELEASEES FOR ALLEGED UNPAID WAGES/OVERTIME, LIQUIDATED DAMAGES, AND/OR ATTORNEYS' FEES UNDER THE FAIR LABOR STANDARDS ACT OR APPLICABLE STATE LAW, BASED ON THE COMPROMISE AND SETTLEMENT OF ANY AND ALL OUTSTANDING CLAIMS AND ALLEGATIONS SHE MAY HAVE CONCERNING THE PAYMENT OF WAGES, OVERTIME COMPENSATION, LIQUIDATED DAMAGES, AND/OR ATTORNEYS' FEES AND COSTS, PURSUANT TO THIS SETTLEMENT AGREEMENT AND RELEASE.

THE PARTIES ARE SIGNING THIS FLSA SETTLEMENT AGREEMENT VOLUNTARILY AND KNOWINGLY.

Dated: November 25, 2019

JESICA CROCI

Dated: November 25, 2019

ZIPZAP INC.

By:

Print name: Tali Benayon

Title: Owner